**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **Joenette Anding**  Case No.

Debtor(s)  Chapter 13 Proceeding

☐ *AMENDED*  ☐ *MODIFIED*
<u>**DEBTOR(S)' CHAPTER 13 PLAN**</u>
<u>**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**</u>

*Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*

*Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

## Plan Summary

**A.** The Debtor's Plan Payment will be __**$447.00 Monthly**__, paid by ☐ Pay Order or ☑ Direct Pay for __**60 months**__. The gross amount to be paid into the plan is __**$26,820.00**__.

**B.** The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately __**11%**__ of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

**C.** The value of the Debtor's non-exempt assets is __**$605.00**__.

**D.** If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

## Plan Provisions

### I. Vesting of Estate Property

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☑ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

IN RE: **Joenette Anding**　　　　　　　　　　　　　　　　　　　　Case No.

　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　Chapter 13 Proceeding

☐ *AMENDED*　　☐ *MODIFIED*
## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 1*

## II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
| | | |

## III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Direct TV, Inc. | TV Satelliet Service | Rejected | No |

## IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor / Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

IN RE: **Joenette Anding**            Case No.

Debtor(s)            Chapter 13 Proceeding

☐ *AMENDED*    ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 2*

---

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____ ."

_____      _____
Debtor            Joint Debtor

### V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien--e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
| | | |

### VI. Specific Treatment for Payment of Allowed Claims

**1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

**A.** Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, MUST be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor / Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| Citifinancial<br>Homestead 7525 Benson Dr | | $63,916.00 | $699.00 |

**B.** Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
| | |

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

IN RE: **Joenette Anding**  Case No.

Debtor(s)  Chapter 13 Proceeding

## ☐ *AMENDED*   ☐ *MODIFIED*
## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 3*

## 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

**A.** Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums received. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| Maynez Law | $3,200.00 | Along With | |
| United States Bankruptcy Court | $155.00 | Along With | |

**B.** Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| Internal Revenue Service | $1,300.00 | Along With | |

**C.** Arrearage Claims

| Creditor / Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| Citifinancial Homestead 7525 Benson Dr | $2,850.00 | $32,997.49 | Pro-Rata | 10.99% | $3,646.89 | |

**D.** Cure Claims on Assumed Contracts, Leases, and Contracts for Deed

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|

**E.** Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completing of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| Don Stecker Homestead 7525 Benson Dr | $2,355.87 | $103,041.00 | Pro-Rata | 12% | $3,086.47 | Taxes through 2014 |

Form 11/7/05  *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **Joenette Anding**                      Case No.

               Debtor(s)                          Chapter 13 Proceeding

☐ *AMENDED*     ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 4*

| | | | | | |
|---|---|---|---|---|---|
| Ovation Lending<br>Homestead 7525 Benson Dr | $3,771.64 | $100,685.13 | Pro-Rata | 12.99% | $5,057.38 |
| Title Max<br>2006 Hyundai Azera | $4,715.56 | $5,000.00 | Pro-Rata | 5.25% | $5,293.18 |

**F.** General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed).
*Describe treatment for the class of general unsecured creditors.*

General Unsecured Creditors will receive approximately __**11%**__ of their allowed claims.

**Totals:**

| | |
|---|---|
| Administrative Claims | **$3,355.00** |
| Priority Claims | **$1,300.00** |
| Arrearage Claims | **$2,850.00** |
| Cure Claims | **$0.00** |
| Secured Claims | **$10,843.07** |
| Unsecured Claims | **$22,845.84** |

### VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

**Agreed Orders**

Agreed Orders shall control in any conflict between Plan provisions and the provisions in the Agreed Orders.

**Disposable Earnings**

Pursuant to 11 U.S.C. §1322(a)(1) of the Bankruptcy Code, the Debtor(s) shall submit all or such portions of future earnings or other future income of the Debtor(s) to the supervision and control of the Trustee as is necessary for the execution of the Plan. The Debtor(s) shall report to the Trustee any changes in the disposable income disclosed in Schedules I & J that would necessitate the modification of the Plan payment amount.

**Authorization to send monthly bills**

Creditors who are listed in the plan provisions under VI.1 PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS, shall continue to send monthly billing statements to Debtor(s), and such statements shall not be considered a violation of the automatic but a as a convenience to the Debtor.

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

IN RE: **Joenette Anding**　　　　　　　　　　　　　　　　　　Case No.

　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　Chapter 13 Proceeding

## ☐ *AMENDED*　　☐ *MODIFIED*
## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 5*

**Misfiled and Unfiled Creditors Paid Accordingly**

If any secured proof of claim is timely filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as secured unless, it is objected to. Said claims shall be paid under the plan at 7.75% interest. Likewise, if any priority proof of claim is timely filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as priority unless it is objected to. Said priority claim shall not be paid with any interest.

Respectfully submitted this date: __7/7/2014_____.

　　　　　　　　　　　　　　　　　　　　　**/s/ Omar Maynez**
　　　　　　　　　　　　　　　　　　　　　Omar Maynez
　　　　　　　　　　　　　　　　　　　　　3800 N. Mesa Street, Ste B - 3
　　　　　　　　　　　　　　　　　　　　　EL Paso, Texas 79902
　　　　　　　　　　　　　　　　　　　　　Phone: (915) 532-3327 / Fax: (915) 532-3355
　　　　　　　　　　　　　　　　　　　　　(Attorney for Debtor)

**/s/ Joenette Anding**
Joenette Anding
7525 Benson Dr.
El Paso, TX 79915
(Debtor)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **Joenette Anding**　　　　　　　　　　　　　　　CASE NO.

*Debtor*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER　**13**

*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 7, 2014, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Omar Maynez**
Omar Maynez
Bar ID:24043807
DIAMOND LAW
3800 N. Mesa Street, Ste B - 3
EL Paso, Texas 79902
(915) 532-3327

---

| | | |
|---|---|---|
| Avant Credit Corporati<br>x1888<br>640 Lasalle<br>Chicago, IL 60654 | Blue Trust Loans / Oasis<br>PO Box 1498<br>Hayward, WI 54843 | CashCash<br>137 N. Larch Blvd Ste 705<br>Los Angeles, CA 90004 |
| Bill Me Later<br>P. O. Box 2394<br>Omaha, NE 68103-2394 | Bottom Dollar Payday<br>xx8245<br>PO Box 14065<br>Lenexa, KS 66286 | Chase<br>xxxxxxxxxxxx2893<br>Po Box 15298<br>Wilmington, DE 19850 |
| BillMeLater<br>P.O. 105658<br>Atlanta, GA 30348-5658 | Cap One Na<br>xxxxxxxxxxxx5100<br>Po Box 26625<br>Richmond, VA 23261 | Citibank Sd, Na<br>xxxxxxxxxxxx7733<br>Attn: Centralized Bankruptcy<br>PO Box 20363<br>Kansas City, MO 64195 |
| Bk Of Amer<br>xxxxxxxxxxxx1950<br>4060 Ogletown/stanton Rd<br>Newark, DE 19713 | Cash Net USA<br>xxx4258<br>200 W Jackson Ste 2400<br>Chicago, IL 60609 | Citifinancial<br>xxxxxxxxxxxx1739<br>605 Munn Road<br>Fort Mill, SC 29715 |

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

IN RE: **Joenette Anding**        CASE NO.

*Debtor*

       CHAPTER    **13**

*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| Comenity Bank/jssclndn<br>xxxxx6243<br>Po Box 182789<br>Columbus, OH 43218 | Don Stecker<br>Linebarger Goggan Blair Sampson<br>711 Navarro Ste 300<br>San Antonio, TX 78205 | GECU<br>xxxxxxxx9821<br>Attn: Bankruptcy<br>PO Box 20998<br>El Paso, TX 79998 |
| Comenity Bank/lnbryant<br>xxxxxxxxxxxx5859<br>4590 E Broad St<br>Columbus, OH 43213 | Dsnb Macys<br>xxxxxxxxx9420<br>9111 Duke Blvd<br>Mason, OH 45040 | Gemb/walmart<br>xxxxxxxxxxxx2149<br>Attn: Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076 |
| Comenity Bank/Woman Within<br>xxxxx0078<br>Attention: Bankruptcy<br>PO Box 182686<br>Columbus, OH 43218 | Enhanced Recovery Corp<br>xxxx1242<br>Attention: Client Services<br>8014 Bayberry Rd<br>Jacksonville, FL 32256 | Gvt Emp Cu<br>xxxxxxxxxxxx6613<br>7227 Viscount Blvd<br>El Paso, TX 79925 |
| Credit Coll Sevs/Liberty Mutual<br>PO Box 9134<br>Needham Heights, MA 02494-9134 | Ezcorp Online, Inc.<br>500 Grapevine Hwy Ste 225<br>Hurst, TX 76054 | Internal Revenue Service<br>Special Procedures Staff - Insolvency<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Credit Management Lp<br>xxxx4980<br>4200 International Pkwy<br>Carrollton, TX 75007 | GECRB/ Dillards<br>xxxxxxxxxxxx6222<br>Attn: Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076 | IRS - Special Procedure Staff<br>Stop 5022 AUS<br>300 E. 8th Street<br>Austin, TX 78701 |
| Direct TV, Inc.<br>P.O. Box Box 29079<br>Glendale, CA 91221 | GECRB/Lowes<br>xxxxxxxxxxxx6968<br>Attention: Bankruptcy Department<br>PO Box 103104<br>Roswell, GA 30076 | Joenette Anding<br>7525 Benson Dr.<br>El Paso, TX 79915 |
| Discover Fin Svcs Llc<br>xxxxxxxxxxxx6658<br>Po Box15316<br>Wilmington, DE 19850 | GECRB/ShopNBC<br>xxxxxxxxxxxx6500<br>Attn: Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076 | Kohls/capone<br>xxxxxxxxxxx0570<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **Joenette Anding** CASE NO.
*Debtor*

CHAPTER 13

*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

| | |
|---|---|
| Mobile Loans<br>PO Box 1409<br>Marksville, LA 71351 | Texas Loan Co/Cash Central<br>201 E. Abraham St, Ste 120<br>Arlington, TX 76010 |
| Ovation Lending<br>xxxxxx5042<br>8407 Bandera Road Ste 141<br>San Antonio, TX 78250 | Title Max<br>TMX Finance of Texas. Inc<br>7000 Gateway East Blvd<br>El PAso, TX 79915 |
| Regional Finance Co.<br>xxxxxxx1801<br>1620 Delta Drive Ste 2<br>El Paso, TX 79905 | United States Attorney<br>Internal Revenue Service<br>601 N. W. Loop 410, Suite 600<br>San Antonio, TX 78216 |
| Rise<br>PO Box 101808<br>Fort Worth, TX 76185 | United States Attorney General<br>Department of Justice<br>United States Trustee Program<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530 |
| Shell Oil / Citibank<br>xxx6328<br>Attn: Centralized Bankruptcy<br>PO Box 20363<br>Kansas City, MO 64195 | United States Bankruptcy Court<br>511 E. San Antonio Ave. Room 444<br>El Paso, Texas 79901 |
| Speedy Cash<br>PO Box 101928 Dept 2280<br>Birmingham, AL 35210 | United States Trustee<br>615 E. Houston, Suite 533<br>San Antonio, TX 78205 |
| Stuart C. Cox<br>1760 N. Lee Trevino Drive<br>El Paso, TX 79936 | |